UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at Lexington

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Civil Action No. |
| v. | ) | 5:26-cr-00057-SCM-MAS-1 |
| | ) | |
| KADRIOAN SERAINITY SANTIAGO, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

*** *** *** ***

Defendant Kadrioan Santiago threatened in a social media post to cut the President's face off with a razor blade and feed it to stray dogs. [Dkt. 15 at 1–2]. He also threatened to "kill the next living member of any form of law enforcement that interacts with [him]." [*Id.* at 2]. Those threats led to Santiago's indictment on two counts of knowingly threatening to inflict bodily harm on another person in violation of 18 U.S.C. § 875(c). [*Id.* at 1, 2]. Santiago has moved to dismiss the Indictment, arguing that his posts, "[were] clearly hyperbolic, political statements . . . protected by the First Amendment." [Dkt. 32 at 10]. But this is not a First Amendment case. If Santiago's statements were true threats, then they are not protected by the First Amendment. *See Virginia v. Black*, 538 U.S. 343, 359 (2003). And if they were not true threats, then they are not within the scope of what is criminalized under 18 U.S.C. § 875(c). *See United States v. Sheikh*, 164 F.4th 629, 633 (7th Cir. 2026) (citations omitted). So the issue here is simply whether the statements were true

threats. That is not something that can be determined through a motion to dismiss; that is a question for a jury. Accordingly, the motion to dismiss will be denied.

## I. Facts

The facts of this case are undisputed. In March of 2026, Santiago posted the following on Instagram:

> @potus youd better never let me get my hands on you. i will actually drag a razor blade down your face and slip it under your skin and pull your skin off, cook it and feed it to some stray dogs.
> just paid 300$ for a ticket that i didn't even know I had from 2024 i plan to kill the next living member of any form of law enforcement that interacts with me.

[Dkt. 1-1 at 12; Dkt. 15 at 1–2].

After an investigation, a grand jury indicted Santiago on two counts of making threatening interstate communications in violation of 18 U.S.C. § 875(c). [Dkt. 15]. Santiago was charged with one count for each statement in his post—*i.e.*, one regarding the threat to the President, and one regarding the threat to law enforcement officers. [*Id.*]. On Count 1, the Indictment alleges:

> On or about March 27, 2026, . . . KADRIOAN SERAINITY SANTIAGO knowingly transmitted in interstate commerce a communication, that is an Instagram post, that contained a threat, that is, a serious expression of intent to inflict bodily harm on a person, to wit: the President of the United States, that a reasonable observer would perceive to be an authentic threat, for the purpose of making a threat and knowing that the communication would be viewed as a threat; specifically, SANTIAGO posted "@potus youd better never let me get my hands on you. I will actually drag a razor blade down your face and slip it under your skin and pull your skin off, cook it and feed it to some stray dogs," all in violation of 18 U.S.C. § 875(c).

[*Id.* at 1–2]. And Count 2 of the Indictment alleges:

> On or about March 27, 2026, . . . KADRIOAN SERAINITY SANTIAGO knowingly transmitted in interstate commerce a communication, that is

> an Instagram post, that contained a threat, that is, a serious expression of intent to inflict bodily harm on a person, to wit: law enforcement officers, that a reasonable observer would perceive to be an authentic threat, for the purpose of making a threat and knowing that the communication would be viewed as a threat; specifically, SANTIAGO posted "just paid 300$ for a ticket that I didn't even know I had from 2024 i plan to kill the next living member of any form of law enforcement that interacts with me," all in violation of 18 U.S.C. § 875(c).

[*Id.* at 2].

Santiago moved to dismiss the Indictment, arguing that his speech was political rhetoric rather than true threats and that his prosecution would violate the First Amendment. [Dkt. 32 at 10]. For the reasons that follow, he is wrong.

## II. Analysis

### A. Standard

Federal Rule of Criminal Procedure 7(c) mandates that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Specifically, an indictment must "(1) 'set out all of the elements of the charge[d] offense and must give notice to the defendant of the charges he faces[,]' and (2) 'be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts.'" *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007) (alteration in original) (quoting *United States v. Douglas*, 398 F.3d 407, 413 (6th Cir. 2005)). Ordinarily, the first requirement is satisfied if the "indictment set[s] forth the offense in the words of the statute itself, as long as 'those words . . . set forth all the [necessary] elements.'" *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)). The second requirement may be satisfied by the inclusion

of "the relevant time period and the specific event that triggered the charge." *See United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010); *United States v. Woollacott*, No. 5:24-cr-22-BJB, 2025 WL 1019796, at *1 (W.D. Ky. Apr. 4, 2025).

Federal Rule of Criminal Procedure 12 allows a defendant to test the legal sufficiency of an indictment by moving to dismiss it. In reviewing such a motion, the Court must "accept[] the factual allegations" contained in the Indictment as true. *United States v. Killingsworth*, No. 21-3028, 2022 WL 294083, at *5 (6th Cir. Feb. 1, 2022) (quoting *McAuliffe*, 490 F.3d at 531). The Court is "prohibited from examining the sufficiency of the government's evidence in a pretrial motion to dismiss because the government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29." *United States v. Hall*, No. 3:25-cr-00005-GFVT-MAS-1, 2025 WL 2822461, at *3 (E.D. Ky. Oct. 3, 2025) (internal quotation marks omitted) (quoting *United States v. Gillette*, 738 F.3d 63, 74 (3d Cir. 2013)). So long as an indictment adequately alleges the elements of the charged offenses and does not facially contain some other legal deficiency—like unconstitutionality—it may not be dismissed. *See*; *see also United States v. Rife*, 429 F. Supp. 3d 363, 366 (E.D. Ky. 2019) ("A Defendant may challenge a defect in the indictment, including its constitutionality, via a pretrial motion to dismiss, provided 'the basis of the motion is then reasonably available and the motion can be determined without a trial on the merits[.]'" (quoting Fed. R. Crim. P. 12(b)(3)(B))). Here, the Indictment satisfies this standard.

**B. The Indictment adequately alleges a violation of 18 U.S.C. § 875(c).**

18 U.S.C. § 875(c) criminalizes "transmit[ing] in interstate or foreign commerce any communication containing . . . any threat to injure the person of another." To obtain a conviction under the statute, "the government must prove that: (1) the defendant sent a message in interstate commerce; (2) a reasonable observer would view the message as a threat; and (3) the defendant intended the message as a threat." *United States v. Howard*, 947 F.3d 936, 943 (6th Cir. 2020) (citing *United States v. Doggart*, 906 F.3d 506, 510 (6th Cir. 2018); *Elonis v. United States,* 575 U.S. 723, 737–39 (2015) (distinguishing § 875(c)'s criminality standard from a civil action negligence standard). "[T]he mental state requirement in Section 875(c) is satisfied if the defendant transmits a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat." *Elonis*, 575 U.S. at 740.

The Indictment in this case sufficiently alleges a violation of 18 U.S.C. § 875(c). First, it sets out all the elements of the offense by tracking the statutory language and including the required mental state. [Dkt. 15 at 1–2]. Specifically, both counts allege that the Defendant sent a communication in interstate commerce that a reasonable observer would perceive to be an actual threat and that the Defendant intended the message as a threat. The last element is met by the allegations that the communications were "a serious expression of *intent* to inflict bodily harm" and that the Defendant acted "for the *purpose* of making a threat and *knowing* that the communication would be viewed as a threat." [*Id.* (emphases added)]. Thus, the

Indictment satisfies the first of two requirements to be a valid indictment because it adequately alleges the elements of the offense and gives the Defendant notice of the charges. *See McAuliffe*, 490 F.3d at 531 (quoting *Douglas*, 398 F.3d at 411).

The Indictment also satisfies the second requirement, which is that it must "be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts." *Id.* (quoting *Douglas*, 398 F.3d at 413). This requirement is satisfied because the Indictment specifies when, where, how, and to whom the threats were made. [Dkt. 15 at 1–2].

The Indictment easily satisfies the requirements for validity, but Santiago nevertheless argues that the Indictment does not adequately charge him with having made true threats and his statements were mere political hyperbole. This is much the same argument that the defendant in *Killingsworth* made to the Sixth Circuit, and the Sixth Circuit rejected that argument. The Sixth Circuit concluded that such an argument "does not render the indictment legally insufficient." *Killingsworth*, 2022 WL 294083, at *3. Instead, whether the Defendant intended his communications as true threats, and whether reasonable observers would have viewed them as threats, are questions of fact that a jury must resolve. *See id.* at *4–5. At this stage, the Court must accept the factual allegations in the Indictment as true. *Id.* at *5. And "because the indictment alleged [the Defendant's] speech was a threat in violation of 18 U.S.C. § 875(c) and alleged he possessed the requisite subjective intent that the speech be threatening, dismissal [is] not warranted." *Id.*

As in *Killingsworth*, Santiago's argument regarding his true intent is one that must be determined by a jury, not the Court.

**C. The First Amendment does not compel a different outcome.**

Santiago's Motion to Dismiss puts a lot of emphasis on the First Amendment. [*See* Dkt. 32 at 2–12]. He contends that the First Amendment renders § 875(c)'s application unconstitutional in this instance. Not so.

The First Amendment provides, in relevant part, that "Congress shall make no law . . . abridging the freedom of speech[.]" U.S. Const. amend. I. This language has never been understood to provide an *absolute* prohibition on all laws that burden any speech. Some categories of speech are simply outside the protection of the First Amendment. *See Chaplinsky v. State of New Hampshire*, 315 U.S. 568, 571–72 (1942); *see also R.A.V. v. City of St. Paul*, 505 U.S. 377, 383–84 (1992) ("[But] they are [not] categories of speech entirely invisible to the Constitution, so that they may be made the vehicles for content discrimination unrelated to their distinctively proscribable content."). One such category is true threats.

"'True threats' encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Black*, 538 U.S. at 359 (citing *Watts v. United States*, 394 U.S. 705, 708 (1969)); *R.A.V.*, 505 U.S. at 388). "The 'true' in that term distinguishes what is at issue from jests, 'hyperbole,' or other statements that when taken in context do not convey a real possibility that violence will follow[.]" *Counterman v. Colorado*, 600 U.S. 66, 74, (2023). In speaking, the speaker must

"subjectively intend his communication to be threatening." *Doggart*, 906 F.3d at 512 (citing *Elonis*, 575 U.S. at 737–39). Thus, as Santiago points out, mere political hyperbole is not a true threat and therefore cannot be punished. *Watts*, 394 U.S. at 708.

But the key point here—as explained above—is that the question of whether Santiago's speech was a "true threat" or political hyperbole is one that must be determined by a jury, not the Court. *Hess v. Oakland County, Michigan*, 174 F.4th 981, 993 (6th Cir. 2026); *Killingsworth*, 2022 WL 294083, at *5. Of course, "courts retain the power to remove a true-threat question from the jury's consideration . . . if the evidence shows that the speech was protected as a matter of law." *Hess*, 174 F.4th at 993 (citing *Watts*, 394 U.S. at 706). But the implication to be drawn from the evidence here is disputed and it is not so clear-cut that the Court can decide it as a matter of law. A reasonable jury could find Santiago's statements to be true threats, and so the matter must be presented to a jury. *See Woollacott*, 2025 WL 1019796, at *3. The First Amendment does not say otherwise because it does not even apply if a jury concludes that the statements were true threats. And even if the jury concludes that the statements were not true threats, the First Amendment still does not matter because that would simply mean that Santiago is not guilty of the charged offense. So, at bottom, this is not a First Amendment case.

## III. Conclusion

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. The Defendant's Motion to Dismiss, [Dkt. 32], is **DENIED**.

2. The Court will hold a status conference in this case on **Friday, October 23, 2026**, at the hour of **1:30 p.m.** at the United States Courthouse in **Lexington, Kentucky**.

3. Trial is scheduled for **Thursday, October 29, 2026**, at the hour of **9:00 a.m.** at the United States Courthouse in **Lexington, Kentucky**, with counsel to arrive by **8:30 a.m.**

4. The Court will continue the trial upon the filing of a proper motion asserting valid grounds for a continuance under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*

This the 19th day of October, 2026.

S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky